UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **RICARDO ESTRADA BARBARIN,**<br><br>Petitioner,<br><br>v.<br><br>RAYMOND MADDEN (Warden),<br><br>Respondent. | No. ED CV 17-00257-VBF-LAL<br><br>**ORDER**<br>Overruling Petitioner's Objections;<br>Adopting Report & Recommendation;<br>Denying the Habeas Corpus Petition;<br><br>Dismissing the Action With Prejudice;<br>Terminating the Case (JS-6) |

As required by Fed. R. Civ. P. 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which petitioner has specifically objected. The Magistrates Act does not require a written explanation of the reasons for rejecting objections, *MacKenzie v. Calif. AG*, 2016 WL 5339566, *1 (C.D. Cal. Sept. 21, 2016), particularly where they are "plainly unavailing", *Smith v. Calif. Jud. Council*, 2016 WL 6069179, *2 (C.D. Cal. Oct. 17, 2016). Finding no error of law, fact, or logic in the well-reasoned R&R, the Court will accept the Magistrate Judge's factual findings and legal conclusions and implement her recommendations.

**In his objections to the R&R, petitioner contends for the first time that the state court applied Supreme Court law unreasonably in finding that the evidence**

-1-

**presented at trial was sufficient to find beyond a reasonable doubt that** he personally discharged a firearm, for purposes of Cal. Penal Code § 12022.53(e)(1); that he committed his crimes to carry out the activities of a criminal street gang, for purposes of Cal. Penal Code § 190.2(a)(2); or that he committed his crimes for the benefit of, at the direction of, or in association with a criminal street gang, for purposes of Cal. Penal Code § 186.22(b). *See* Doc 38 at 7. In doing so, petitioner attempts to expand the controversy beyond the issue raised by his petition. The habeas petition claimed only that the evidence presented at trial was insufficient to find beyond a reasonable doubt "that he was involved in the shooting", i.e., that he committed murder and attempted murder. *See* Doc 1 at 19-25.

**With rare exceptions[1], the Court is not required to consider evidence, claims, or theories of relief presented for the first time in objections to an R&R.** *See Wentworth v. Madden*, 2017 WL 5310719, *1 (C.D. Cal. Nov. 13, 2017) (citing, *inter alia*, *Brown v. Roe*, 379 F.3d 742, 744-45 (9th Cir. 2002)). "Just as 'courts usually do not consider arguments raised for the first time in a reply,' . . . this Court ordinarily refuses to exercise that discretion to consider claims raised for the first time in objections to an R&R." *Davis v. Ponce*, 2018 WL 2146390, *1 (C.D. Cal. May 8, 2018) (Fairbank, J.) (citing, *inter alia*, *Woolridge v. Madden*, 2018 WL 1989511, *1 n.1 (C.D. Cal. Apr. 24, 2018) (Selna, J.)).

**Although petitioner is proceeding pro se, that does not excuse his noncompliance with exhaustion and pleading requirements.** *See Ross v. Williams*, 896 F.3d 958, 969 (9th Cir. 2018) ("Our holding in *Corjasso* [9th Cir. 2002] underscores the difference between our willingness to overlook technical mistakes and our unwillingness to supply 'essential elements of the claim that were not initially

---

[1] *See Akhtar v. Mesa*, 698 F.3d 1202, 1208-1209 (9th Cir. 2012) and *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004).

pled', even in the pro se context") (quoting *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)); *Russell v. Wengler*, 2008 WL 4279592, *7 (W.D. Wash. Sept. 16, 2008) (petitioner's unfamiliarity with the law and limited education "will not excuse . . . failure to comply with the mandatory exhaustion requirements.") (citing *Hughes v. Idaho State Board of Corrs.*, 800 F.2d 95, 909 (9th Cir. 1986)).

**Petitioner does not identify any obstacle to him challenging the sufficiency of the enhancement evidence in his habeas petition. Moreover, he could have sought leave to amend his habeas petition to add such a claim.** Yet petitioner never sought leave to amend in the year and a half that elapsed between his filing of the petition (Doc 1) in February 2017 and the Magistrate Judge's issuance of the R&R (Doc 35) on August 27, 2018. *See Kelly v. Hedgpeth*, 2012 WL 1340365, *31 n.21 (C.D. Cal. Jan. 31, 2012) (refusing to consider ineffective-assistance claim raised for first time in objections to R&R and stating, "Although the court recognizes petitioner's pro se status, petitioner nevertheless had ample opportunity to present these claims at an earlier time, such as in an amended pleading, but failed to do so."), *R&R adopted*, 2012 WL 1340313 (C.D. Cal. Apr. 16, 2012) (Gee, J.); *accord Samples v. Ballard*, 860 F.3d 266, 276 (4th Cir. 2017) (district court did not abuse its discretion in declining to hear claims asserted for the first time in objections to R&R, as petitioner "offered no justification for why he did not" show good cause for defaulting a claim in state court and "offers no argument as to why [district judge] should have permitted [him] to effectively amend his habeas petition in this manner. We can think of none either."), *cert. denied*, – U.S. –, 138 S. Ct. 979 (2018).

Finally, petitioner's claims are not novel claims in an unsettled area of law. He does not contend that his new insufficient-evidence claim rests on some decision that the Supreme Court issued after he filed his habeas petition. *See Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013). **Accordingly, the Court declines to consider the**

**new insufficient-evidence sentencing-enhancement claim asserted in petitioner's objections.** The Court intimates no opinion on the merits of such a claim. *See Ross v. Williams*, 896 F.3d 958, 969 (9th Cir. 2018) ("[W]e held that a pro prisoner's complaint failed to state an equal protection claim, even where a document that was 'part of the record before the district court' would have provided a 'viable' basis for that claim.") (quoting *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1139-40 (9th Cir. 2011) (en banc) & citing *Pena v. Gardner*, 976 F.3d 469, 471 (9th Cir. 1992)).

## ORDER

Petitioner's objection **[Doc # 38] is OVERRULED.**

The Report and Recommendation **[Doc # 35] is ADOPTED.**

**The petition for a writ of habeas corpus [Doc # 1] is DENIED.**

Final judgment consistent with this order will be entered separately as required by Fed. R. Civ. P. 58(a). *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013).

This action is DISMISSED with prejudice. The case is TERMINATED (JS-6).

IT IS SO ORDERED.

Dated: November 29, 2018

*Valerie Baker Fairbank*
———————————————
Hon. Valerie Baker Fairbank
Senior United States District Judge